**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| **STEPHEN PRESLEY and** ) | |
| **LULA PRESLEY,** ) | |
|           ) | |
|     **Plaintiffs,** ) | |
|           ) | |
| v.        ) | Case No. 1:20-CV-218-SNLJ |
|           ) | |
| **DOMETIC CORPORATION,** ) | |
|           ) | |
|     **Defendant.** ) | |

**MEMORANDUM AND ORDER**

Plaintiffs Stephen and Lula Presley brought this products liability lawsuit against defendant Dometic Corporation. Defendant has moved to dismiss and to strike [#18], and the motion has been fully briefed and is ready for disposition.

**I.     Factual Background**

For the purposes of this motion to dismiss, the facts alleged in the complaint are presumed true. Defendant manufactured the Dometic RM 2862 gas absorption refrigerator that was factory-installed in the plaintiffs' 2005 Fleetwood Flair 33R Class A motorhome. On November 28, 2017, the refrigerator caught fire and damaged the motorhome while it was parked in the Steak N Shake restaurant parking lot in Cape Girardeau, Missouri. Plaintiffs filed the instant lawsuit with five counts: Count I for strict liability/design defect, Count II for strict liability/failure to warn, Count III for negligence, Count IV for negligence per se, and Count V for "fraud by concealment."

Defendant filed a 31-page motion to dismiss Count V and to strike certain allegations.

## II. Motion to Dismiss

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). In addressing a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. *United States ex rel. Ambrosecchia v. Paddock Laboratories, LLC.*, 855 F.3d 949, 954 (8th Cir. 2017). A complaint must be dismissed for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the prior "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Courts "do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 555. A complaint must set forth factual allegations which are enough to "raise a right to relief above the speculative level." *Id.* at 555. However, where a court can infer from those factual allegations no more than a "mere possibility of misconduct," the complaint must be dismissed. *Cole v. Homier Distributing Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

Plaintiffs' Count V is titled Fraud by Concealment. They claim defendant concealed material facts regarding the quality of the subject refrigerators and also made statements about the safety, reliability, functionality, and quality of the refrigerators that were false and misleading.

In Missouri,

> the elements of common-law fraud are: (1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) his intent that it should be acted on by the hearer and in the manner reasonably contemplated, (6) the hearer's ignorance of its falsity, (7) his reliance on its truth, (8) his right to rely thereon, (9) and his consequent and proximate injury.

*Paul v. Farmland Indus., Inc.*, 37 F.3d 1274, 1276–77 (8th Cir. 1994) (internal quotation omitted). Further, Federal Rule of Civil Procedure 9(b) requires that "a party must state with particularity the circumstances constituting fraud."

### A.   Exercise of due diligence

To state a claim for common-law fraud by concealment alleging that one party withheld information based on superior knowledge, a plaintiff must allege that he exercised due diligence to discover the allegedly concealed information. *In re Gen. Motors Corp. Anti-Lock Brake Products Liab. Litig.*, 966 F. Supp. 1525, 1536 (E.D. Mo. 1997), *aff'd sub nom. Briehl v. Gen. Motors Corp.*, 172 F.3d 623 (8th Cir. 1999). The "non-disclosure of material facts...is ordinarily not actionable misrepresentation unless some artifice or trick has been employed to prevent the representee from making further independent inquiry." *Id.* at 1535–36 (quotation omitted) (internal changes in original). However, "non-disclosure of material facts may be fraudulent when the other party does

3

not have an equal opportunity to become appraised of the facts." *Id.* Plaintiffs allege that defendant had superior and exclusive knowledge of undisclosed safety defects. Plaintiffs further allege defendant "employed sophisticated and complicated methods of deception, including ineffective recalls and retrofit kits." [#15 at ¶86.] They conclude that plaintiffs "did not, and could not, unravel Dometic's deception on their own." [#15 at ¶86.] Although defendant suggests plaintiffs did "nothing more than offer an excuse," this case is not a matter of, for example, the sale of real estate where plaintiff might have been expected to inspect a property. It is entirely unclear what more plaintiffs could have done to have uncovered the alleged fraudulent nondisclosure where defendant had "superior and exclusive knowledge" of the alleged defects. Plaintiffs thus adequately allege that they did not have an equal opportunity to become appraised of the facts, and nondisclosure of material facts may be fraudulent under those circumstances. *See Anti-Lock Brake Products Liab. Litig.*, 966 F. Supp. at 1536.

## B. Pleading fraud with particularity

Under Rule 9(b)'s particularity requirement, plaintiffs must plead "such matters as the time, place and contents of false representations, as well as the identity of the person making the representation and what was obtained or given up." *BJC Health System v. Columbia Casualty Co.*, 478 F.3d. 908, 917 (8th Cir. 2007) (quotation omitted). Plaintiffs include in their "fraud by concealment" count both allegations of omissions and "material statements" they say were incomplete, false, or misleading. Although defendant argues plaintiff has not pleaded Count V with the requisite specificity, this

4

Court disagrees.  Plaintiff ascribes the false statements and omissions to the defendant corporation.  The "what" was the concealments and omission of material facts regarding the existence of a safety-related design defects in refrigerators like the plaintiffs'.  The details of those defects are stated in paragraphs 16-31 of the First Amended Complaint, and the concealments and omissions are detailed in, for example, paragraphs 25, 36, and 43.  Plaintiffs have adequately alleged the particulars of their fraud claim such that defendant can respond to specifically to the allegations.  *See Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 920 (8th Cir. 2001).

### C. Other arguments

Defendant also argues that plaintiffs did not adequately allege the reliance factor of their fraud claim.  Plaintiffs do plead that they "reasonably relied on Dometic's omissions" and that "had Dometic disclosed the true nature and scope of the safety risks inherent in the use of its products…plaintiffs…would have acted differently to protect themselves from the risk."  [#15 at ¶¶ 86, 89.]  Plaintiffs adequately allege reliance.

Defendant finally argues that Count V is unnecessary to plaintiffs' action and thus prejudicial to defendant. "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a); *see also* Fed. R. Civ. P. 8(d)(3). Defendant appears to base its argument on a collection of cases involving fraud and breach of contract causes of action, or cases pertaining to cases proceeding in more than one court.  Those cases are inapposite.

5

**III.     Motion to Strike**

Rule 12(f) provides that the Court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Because the rule is stated in the permissive, however, it has always been understood that the district court enjoys 'liberal discretion' thereunder. *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000). "Despite this broad discretion however, striking a party's pleadings is an extreme measure, and, as a result, ….[m]otions to strike under Fed .R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted." *Id.*

Defendant argues that the first four paragraphs of the complaint read "like a press release" and are designed to gain publicity, so they should be stricken as scandalous and impertinent and at best redundant. Plaintiff defends the four paragraphs as a summary to orient the reader. Defendant argues that other allegations describe unrelated fire incidents and/or litigations and should be stricken as immaterial and impertinent. Plaintiffs defend these paragraphs as relevant to notice.

The Court declines to itemize defendant's other targets, which, generally relate to matters of expert testimony and duty to warn. As *Wright & Miller* observed, because

> Rule 12(f) motions to strike on any of [the enumerated] grounds are not favored, often being considered purely cosmetic or "time wasters," there appears to be general judicial agreement, as reflected in the extensive case law on the subject, that they should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy....

5C C. Wright & A. Miller, *Fed. Prac. & Proc. Civ.*, § 1382 (3d. ed. 2004) (footnotes omitted). Plaintiffs' allegations do have a logical connection to the subject matter of their

6

lawsuit.  This is not a situation where, for example, plaintiffs seek relief unavailable to them as a matter of law.  *See, e.g.*, *Spinks v. City of St. Louis Water Div.*, 176 F.R.D. 572, 574 (E.D. Mo. 1997) ("a prayer for relief not available under the applicable law, or which asserts a damage claim in excess of the maximum recovery permitted by law, is properly subject to a motion to strike.").  Defendant's claims of prejudice resulting from their target allegations are weak at best; the parties' discovery negotiations and appropriate motions in limine will adequately protect the defendant's interest in fairness.  This Court will not waste further resources addressing defendant's desire for this Court to take a "red pen" to the complaint.

However, this Court agrees with defendant that plaintiffs' complaint is not a "short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8(a)(2).  Although it is tempting to sanction plaintiffs or require them replead, the Court declines to waste further time by doing so.  At the same time, the Court warns plaintiffs' counsel against further sensational filings.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to strike and dismiss [#18] is DENIED.

Dated this  2nd  day of June, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

7